**Kathleen HUNTE, et al.**

v.

**DARBY BOROUGH, et al.**

**Civ. A. No. 94–2230.**

United States District Court,
E.D. Pennsylvania.

Feb. 10, 1995.

---

Joel I. Fishbein, Philadelphia, PA, for plaintiff.

William F. Holsten, II, Holsten & White, Media, PA, Andrew J. Bellwoar, Media, PA, and Terry L. Pugh, Philadelphia, PA, for defendants.

## MEMORANDUM

LUDWIG, District Judge.

The motion of defendants Darby Borough and Darryl Guy for summary judgment as to plaintiffs' § 1983 claim was granted on February 8, 1995. Fed.R.Civ.P. 56. Jurisdiction was declined over the supplemental claims, and they were dismissed. 28 U.S.C. 1367(c)(3).

The question raised by this motion is whether defendant Guy, a Darby Borough police officer, who was off-duty at the time, can be considered to have been acting under color of state law when he allegedly assaulted plaintiffs Beauregard Hunte and Kathleen Hunte. The following facts are taken from the complaint:

In August, 1993 Mr. Hunte told a neighborhood youth to stop vandalizing his property. Complaint ¶ 15. Thereafter, the youngster's uncle, defendant Guy, visited plaintiffs and explained that he was a Darby police officer who worked in the juvenile division and to contact him if there were further problems with his nephew. Complaint ¶ 16. On December 13, 1993, after his car had been repeatedly vandalized by the boy, Mr. Hunte went to the mother's house, requested she contact her brother-in-law, defendant Guy, and asked her to pay for the car damage and to correct her son's behavior. Complaint ¶¶ 17–22. Defendant Guy arrived in an unmarked police vehicle, and after an encounter with plaintiff husband, assaulted him. Mr. Hunte told defendant he would not resist because he knew him to be a police officer. Complaint ¶¶ 23–27. When Mrs. Hunte attempted to assist her husband, defendant threw her to the ground. Complaint 28–31. Defendant Guy's conduct conformed to the custom and policy of Darby Borough, which sanctioned the conduct. Count IV. The juvenile's vandalism constituted a trespass, and his mother negligently failed to supervise him. Counts VI, VII.

Under Fed.R.Civ.P. 56, summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment at a matter of law." *See Davis v. Portline Transportes Maritime Internacional,* 16 F.3d 532, 536 n. 3 (3d Cir.1994); *Hines v. Consolidated Rail Corp.,* 926 F.2d 262, 267 (3d Cir.1991). The movant bears the initial burden of identifying those portions of the record that fail to demonstrate a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Thereafter, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Otherwise, "summary judgment, if appropriate, shall be entered." *Id. See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Wit-*

co Corp. v. Beekhuis, 38 F.3d 682, 686 (3d Cir.1994).

To succeed under 42 U.S.C. § 1983, a plaintiff must show the deprivation of a constitutional or other federally secured right by a defendant acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988). Recently, our Circuit delineated when an off-duty police officer may become a state actor under § 1983:

> If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity. In the same vein, off-duty police officers who purport to exercise official authority will generally be found to have acted under color of state law. Manifestations of such pretended authority may include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute involving others pursuant to a duty imposed by police department regulations. . . . On the other hand, a police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law.

Barna v. City of Perth Amboy, 42 F.3d 809, 816 (3d Cir.1994) (citations omitted).

In support of the summary judgment motion, defendants submitted three excerpts of depositions. The first was Guy's testimony. He was home watching Monday Night Football when his wife informed him that "the man across the street" from her mother's house was there creating a disturbance.[1] Defendants' exhibit B at 32. Wearing sweat pants and a sweat shirt, and with no police equipment, he drove to his mother-in-law's house. There, because he was off-duty, he requested Mr. Hunte to handle the dispute by calling the police. Id. at 33–34. A physical altercation ensued between them, and Guy went to call the police 911 emergency number. Id. at 35. In the two other deposition excerpts, Mr. and Mrs. Hunte each testified that Guy was not in uniform, did not display a police badge, did not identify himself as a police officer and did not attempt to arrest anyone. Defendants' exhibits C, D.

In response to the summary judgment motion, plaintiffs relied completely on the pleadings. They submitted no evidence, by affidavit, deposition or otherwise, to support the allegation that Guy was acting under the color of state law. Instead, they erroneously argued that defendants had not met their burden of demonstrating the absence of a material question of fact.[2] The law is procedurally opposite. Defendants, having pointed out that Guy did not manifest any indicia of police authority or purport to act as an officer, and plaintiffs, having not produced any evidence to the contrary, summary judgment on this issue is required. See Strohm v. Shanahan, No. 93–5553, 1994 WL 315560, *2 (E.D.Pa.1994) (granting summary judgment on § 1983 assault claim where underlying dispute was personal in nature, no arrest was made, and bystanders admonished defendant for behavior). Also, there is also nothing inherent in the alleged conduct—assault—that characterizes it as police activity. Barna, 42 F.3d at 818 1994 WL 698328 at *8 (judgment as a matter of law appropriate in action against off-duty police officers accused of assault during family dispute); Strohm, 1994 WL 315560 at *2 (police officer's status did not uniquely enable him to make—harassing calls); Mimms–Huntley v. City of Philadelphia, No. 93–2164, 1993 WL 428946 (E.D.Pa. Oct. 13, 1993) (murder and robbery were in personal capacity and not related to the performance of police duties).

---

1. The deposition refers to the wife's mother, defendant's mother-in-law, who appears to live with the wife's sister.

2. Although defendants in their motion referred to deposition testimony, they were not obliged to do so. Celotex, 477 U.S. at 323, 106 S.Ct. at 2553; Wright & Miller, 10A Federal Practice and Procedure § 2727 at 34 (Supp.1994). Nevertheless, it is notable that Guy's deposition laid the issue squarely on the line. He testified to having told Mr. Hunte to call the police because he—Guy—was off-duty and, inferentially, was not acting in the capacity of a police officer at that time. That testimony does not appear to have been contradicted.

Moreover, the complaint's factual allegations, even if supported, would not materially improve plaintiffs' case. Guy's statement that he was a police officer and that he should be contacted if neighborhood problems arose occurred some four months before the incident. Plaintiffs' response to motion for summary judgment at 1. When he was contacted, it was by his sister-in-law.[3] *Id.* Guy's silence when Hunte allegedly commented he would not fight back because Guy was a police officer does not give rise to an inference that Guy purported to act with state authority. *Barna*, 42 F.3d at 818 (police officer's comment, "I'll show you jurisdiction" while allegedly beating plaintiff did not connect the conduct to police authority). Mere knowledge that an actor is a police officer is not enough to show action under color of state law. *Id.* at 813, 817.

Given this record, defendant Guy cannot be said to have been acting under color of state law. For this reason, summary judgment was also granted as to Darby Borough. *Williams v. West Chester*, 891 F.2d 458, 467 (3d Cir.1989). No federal claims remaining, supplemental jurisdiction over the other claims was declined. 28 U.S.C. § 1367(c)(3).

---

3. Plaintiffs' complaint and response to the summary judgment motion differ. The complaint alleges that plaintiff Mr. Hunte went to the sister's house to request that she contact her brother-in-law, defendant Guy. Complaint ¶ 21. The response states that the sister's mother said she would call the police after a heated exchange. Response at 1. Neither paper is substantiated by Rule 56 evidence.